WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-08033-01-PCT-SMB |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| Todd Gehman Howard, | |
| Defendant. | |

This matter came before this Court on Defendant's Motion for Bond Redetermination Hearing Based on Changed Circumstances, filed on October 28, 2021 (Doc. 25). The matter was heard on November 18, 2021 (Doc. 32).

The defendant was indicted in this matter on April 14, 2021 as a felon in possession of 23 firearms and approximately 7,600 rounds of ammunition. (Doc. 4). The defendant's felony convictions are federal offenses for False Statements and Harboring or Concealing a Fugitive. (Doc. 4). The detention hearing in this case was held on June 16, 2021. (Doc. 12). Prior to the hearing, this Court reviewed the Pretrial Services Report (Doc. 9 – sealed). During the hearing, this Court heard argument and the proffer of facts and took the matter under advisement. On June 17, 2021, this Court ordered the Defendant detained, and set forth the following as the basis for Defendant's detention, pending trial as a flight risk:

> Based on the proffer of the U.S., the defendant does not believe in the authority of the federal government and his actions in this case support that conclusion as he has refused some very basic requests based on this premise.

> The defendant, his wife and children appear to be fully supported by defendant's Mother. He has not developed a career or employment which would lead him to follow the Court's orders and respond to Court hearings. As such he has the resources to flee without the types of ties to Arizona to keep him in the District. Given his federal conviction related to concealing a fugitive, this is a greater concern. Additionally, when presented with the option of appearing on his own regarding these charges he told the F.B.I. to come to his house. When agents went to the defendant's residence he refused to come out, requiring a "dynamic" entry involving stun grenades to secure his arrest. Two of defendant's children were apparently inside the residence at this time. The Court ultimately does not find that the defendant will follow the orders required for release. The defendant's prior criminal record includes arrests that support this finding as he has prior arrests for obstructing and his federal conviction is for concealing a fugitive and false statements.

(Doc. 13).

This Court ultimately found the defendant to be a danger, explaining that:

> After consideration of the nature of the instant offense, involving over twenty firearms and associated ammunition as a prohibited possessor, his prior arrests and convictions the Court concludes that the defendant poses a danger. This assessment considers the defendant's apparent lack of respect for federal authority and the circumstances of his arrest in this case. Based upon these factors the Court is convinced that supervising federal officers and the public would be at risk and that there are no conditions which could be imposed to protect the public.

Defendant did not appeal this Court's June 17, 2021 detention order to the presiding District Court Judge, rather he filed the instant motion.

The Bail Reform Act permits the "reopening" of detention:

> at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required.

18 U.S.C. § 3142(f)(2)(b)

Defendant seeks to reopen this detention hearing on changed circumstances[1] amounting to a general decline in the health of defendant's 87-year-old mother, although

---

[1] Much of Defendant's argument is a re-hash of arguments made at the detention hearing. The Court will not re-consider previously made arguments.

- 2 -

he adds that he wants to take advantage of an unspecified employment opportunity in Nevada and to better assist his attorney in his defense. As a preliminary matter, this Court finds that the generalized expression of decline in his mother's health does not change this Court's previous analysis and conclusion, particularly in finding that this is not sufficient to assure the safety of the community or Defendant's appearance, given the numerous other factors cited by the Court in support of detention.

Finding that Defendant has not presented new information or any changed circumstances that alters this Court's previous finding that this Defendant should be detained pending trial,

**IT IS ORDERED that** the Defendant's Motion for Bond Redetermination Hearing Based on Changed Circumstances is **denied.**

Dated this 2nd day of December, 2021.

_____
Camille D. Bibles
United States Magistrate Judge