WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>v.<br>Todd Gehman Howard,<br>　　　　　Defendant. | No. CR-21-08033-001-PCT-SMB<br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss, (Doc. 57), to which the Government filed a Response, (Doc. 58). Defendant did not reply. The Court has considered the pleadings and relevant case law and will deny Defendant's Motion for the reasons stated below.

**I.　　BACKGROUND**

Defendant was indicted on April 14, 2021 for one count of being a felon in possession of firearms. Specifically, Count 1 of the indictment reads as follows:

> On or about October 11, 2019, in the District of Arizona, Todd Gehman Howard, knowing he had previously been convicted in 2010 of crimes punishable by imprisonment for a term exceeding one year, that is, Harboring or Concealing a Fugitive, and False Statements, in the United States District Court for the Western District of Washington, did knowingly possess firearms, that is, [an enumeration of the firearms] and . . . ammunition . . . , all firearms and ammunition in and affecting interstate commerce[, in] violation of Title 18, United States Code, Section 922(g)(1).

(Doc. 4 at 2.)

Defendant now challenges the indictment with a 57-page motion and cites to Federal Rule of Criminal Procedure 12. Rule 12 provides that a motion may be filed to challenge an indictment or claim that the Court lacks jurisdiction. In his Motion, Defendant sets forth five causes for why the Indictment should be dismissed: (1) the indictment does not set forth an offense in the words of the statute; (2) the grand jury failed to consider an essential element of the crime; (3) the indictment fails to inform the accused of the nature and cause of the accusation; (4) the indictment is vague and lacks specificity[1]; and (5) nothing in the Indictment rebuts the presumption against extraterritoriality. (*See* Doc. 57.)

## II. LEGAL STANDARD

At the motion to dismiss stage, courts must "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged," *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002), and "should not consider evidence not appearing on the face of the indictment," *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Marra*, 481 F.2d 1196, 1199–1200 (6th Cir. 1973)). Challenging an indictment "sufficient on its face, on the ground that the allegations are not supported by adequate evidence," is improper at this stage. *Jensen*, 93 F.3d at 669 (citation omitted).

An indictment must set forth the essential facts supporting each element of the charged offenses. *See* Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."). An indictment is sufficient when it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (explaining the holding in *Hamling*). As the Supreme Court explained long ago:

---

[1] Defendant also claims the Indictment is vague because District of Arizona is not defined. As the Government correctly notes, the District of Arizona is defined in 28 U.S. C. § 82.

> The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

*Hagner v. United States*, 285 U.S. 427, 431 (1932) (citations omitted). And the Ninth Circuit has long held

> An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.

*United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988).

Again, the test is "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). Thus, "[t]he indictment stage of the proceedings is not the appropriate time to require the Government to present its proof." *Id.* at 900. Although referring to the statute in the indictment is "not alone a sufficient substitute for the substantive recitation of an essential element," *United States v. Gama-Bastidas*, 222 F.3d 779, 787 (10th Cir. 2000), such reference is relevant in assessing the sufficiency of the indictment, *see United States v. Dashney*, 117 F.3d 1197, 1206 (10th Cir. 1997) (holding that the omission of "willful," was not fatal to an indictment that cited the statute and "charg[ed] the defendant with knowingly, intentionally, and unlawfully structuring . . . words of similar import sufficient to adequately inform [the defendant] of the charge against him"); *see also United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995) (upholding indictment in part because it specifically cited the statute at

issue). However, dismissal is appropriate if an indictment "fail[s] to recite an essential element of the charged offense." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). In such a case, this missing element "is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *Id.*

## III.   DISCUSSION

### A. Causes One Through Four

Causes One through Four all claim some fault with the use of the language "affecting interstate commerce." (*See* Doc. 57.) Defendant argues in Cause One that the words of the statute do not contain this phrase. Cause Two alleges that the grant jury considered "interstate commerce" as an essential element rather than "Interstate or foreign commerce," which has deprived him of due process of law. Defendant then claims, in Cause Three, that the use of the term "interstate commerce" does not inform him of the nature of the accusation against him because that language is not in the definition of "interstate or foreign commerce." Finally, Cause Four alleges that Defendant cannot defend the charges because "interstate commerce" is not defined in Chapter 44 of Title 18. Because all these causes center around the same language, the Court discusses them together.

Chapter 44 of Title 18 provides that it is unlawful for any person, "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). That Chapter also provides the following definitions:

> The term "interstate or foreign commerce" includes commerce between any place in a State and any place outside of that State, or within any possession of the United States (not including the Canal Zone) or the District of Columbia, but such term does not include commerce between places within the same State but through any place outside of that State. The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone).

18 U.S.C. § 921(a)(2).

Defendant maintains an illogical reading of these two statutes to make his arguments. First, "interstate commerce" is an alternative to "foreign commerce." The fact that the word "foreign" was left out of the indictment is not fatal to the case. The language merely limited the scope of the allegations to interstate commerce instead of foreign commerce. Second, the Court disagrees that "interstate commerce" is not defined. It is plainly included in 18 U.S.C. § 921. Here, the Indictment is sufficient to inform Defendant that he is charged with possessing firearms in the District of Arizona on or about October 11, 2019, and that the firearms and ammunition are in and affecting interstate commerce. The Indictment further identifies Defendant's previous felony conviction. The Indictment satisfies the Constitution's due process requirement and Fed. R. Crim. P. 7(c)(1).

### B. Claim Five

Defendant lastly argues that the Indictment does not address the issue of the presumption against extraterritoriality. Defendant argues § 921(a)(2) describes commerce between parcels of federal land because of the use of the word "places" and, therefore, does not cover places within a State. The Court disagrees.

The Federal Government's jurisdiction over this crime has been litigated before, and the Supreme Court found that federal jurisdiction is proper under the Commerce Clause. *See generally Scarborough v. United States*, 431 U.S. 563 (1977) (analyzing the predecessor statute to § 922(g)). The Ninth Circuit also held that § 922(g) contains a jurisdictional element in the phrase "in or affecting commerce" and is a valid exercise of Congress's authority under the Commerce Clause. *United States v. Latu*, 479 F.3d 1153, 1156 (9th Cir. 2007).

As for the issue of the presumption against extraterritoriality, it is inapplicable in this case. "The presumption against extraterritoriality is a 'canon of construction . . . rather than a limit upon Congress's power to legislate.'" *United States v. Abu Khatallah*, 151 F. Supp. 3d 116, 124 (D.D.C. 2015) (quoting *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 255 (2010)). It results from the recognition that Congress ordinarily legislates

domestically, within the territorial jurisdiction of the United States. *Id.* Defendant is confusing the "special and maritime territorial jurisdiction of the United States," 18 U.S.C. § 7, with its general territorial jurisdiction, which applies throughout the geographic boundaries of the United States.

The cases cited by Defendant all involved the enforcement of federal law outside the United States. Here, the alleged acts occurred in Arizona, a State within the United States. This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 3231 and because the offense occurred within the United States. *United States v. Lampert*, 275 F. App'x 703, 704 (9th Cir. 2008).

### IV. CONCLUSION

Therefore,

**IT IS ORDERED denying** Defendant's Motion to Dismiss. (Doc. 57.)

Dated this 14th day of April, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge