**RODRIGUEZ LAW OFFICE PLLC**
Diego Rodriguez, Esq., No. 016733
330 N. 2nd Ave
Phoenix, AZ 85003
Phone: 602-535-9904
diego@rlopllc.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>            Plaintiff,<br><br>        vs.<br><br>Todd G. Howard,<br>            Defendant. | 21-CR-08033-SMB-1<br><br>**DEFENDANT TODD HOWARD'S OBJECTIONS TO PRESENTENCE REPORT AND SENTENCING MEMORANDUM** |

        Defendant Todd Howard, by and through counsel undersigned, hereby submits this memorandum prior to his sentencing.  Defense counsel has reviewed the Presentence Report ("PSR") with Mr. Howard, and Defendant has substantive objections to the Presentence Report. Defendant objects to paragraph 26 on the grounds he should have received a Total Offense Level of 22, rather than 26.  Defendant objects to paragraph 22 which recommends a 2-level increase for Obstruction of Justice and paragraph 9 which implies Mr. Howard knowingly possessed multiple explosive devices called a "cricket".

        In addition, pursuant to the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), Defendant requests that Mr. Howard be given a reasonable sentence of 48 months imprisonment.  Given the history of Defendant and particular circumstances of this case, including but not limited to Defendant's background,  character, and role in the offense, a

sentence of 48 months imprisonment represents a sufficiently punitive and just sentence for Mr.

Howard, which will also promote respect for the law and provide adequate deterrence from

future criminal conduct.


RESPECTFULLY SUBMITTED this 8th day of August 2022.

**RODRIGUEZ LAW OFFICE PLLC**
By      s/ Diego Rodriguez
        Diego Rodriguez
        *Attorney for Defendant*

1

2

<u>**MEMORANDUM OF POINTS AND AUTHORTIES**</u>

3

**I.      STATEMENT OF FACTS:**

4

5

On April 14, 2021 Defendant Todd Howard was charged with one count of Felon in

6

Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).  On May 13,

7

2022, Mr. Howard was found guilty as charged by a jury at trial.  Mr. Howard was originally

8

represented by private counsel but that arrangement ended when Mr. Howard decided to

9

represent himself. Mr. Howard continued to act as his own attorney up until the final pretrial

10

conference when he agreed to allow undersigned counsel to represent him at trial. Undersigned

11

counsel is a member of the local CJA panel of attorneys and was appointed as Mr. Howard's

12

advisory counsel in February of 2022.

13

**II.      OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

14

15

<u>***Paragraph 22: Adjustment for Obstruction of Justice:***</u>

16

In the instant case, Defendant Todd Howard respectfully objects to the recommended

17

adjustment which adds 2 levels to adjusted offense level, raising it to level 26. Defendant agrees

18

with the probation department's original determination of Base Offense Level 20, and the

19

addition of 4 levels for the Specific Offense Characteristic for the number of firearms.

20

However, Defendant does object to the claim that he "willfully obstructed the administration of

21

justice with respect to the prosecution and sentencing of the instant offense..." as alleged in ¶

22

22. Mr. Howard merely insisted on exercising his constitutional right to a jury trial in this

23

matter. His defense was a factual one based on his belief the Government could not prove that

24

25

he knowingly possessed the weapons listed during the relevant time period listed in the

indictment.  Note 2 to USSG §3C1.1 unequivocally states:

> 2. **Limitations on Applicability of Adjustment.—**This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.

Due to the nature of the Government's evidence it became necessary for Mr. Howard to testify

in his own defense so the jury could be made aware of all the facts and circumstances as Mr.

Howard believed them to be, rather than hearing only the Government's version of events.  Mr.

Howard's decision to insist on a jury trial in order to present his side of the alleged events can

not fairly be described as a "willful attempt to obstruct justice".  Moreover, this Court should

also consider the fact that if Mr. Howard truly intended to obstruct justice then his decision to

allow his advisory counsel to take over his defense prior to the start of the jury trial would make

little sense, as that choice no doubt facilitated a more efficient and equitable trial. Clearly, Mr.

Howard would have done more to obstruct the administration of his jury trial and therefore

justice, by defending himself at his jury trial. Instead, he chose the most reasonable path

available to him by allowing qualified counsel to take over his representation.  The Court should

reject the recommended adjustment for obstruction of justice.

***Paragraph 25:  Acceptance of Responsibility***

Defendant Todd Howard objects to paragraph 25 on grounds that he should have received a two-level adjustment for demonstrating acceptance of responsibility pursuant to U.S.S.G. §3E1.1.

"A defendant is not required to plead guilty to receive the acceptance of responsibility reduction. *See* U.S.S.G. § 3E1.1 n.2 (2021)  (Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.) Also, it has been long held that nothing in the guidelines requires a defendant to plead guilty in order to receive the reduction. *See United States v. Gonzalez,* 897 F.2d 1018, 1020 (9th Cir.1990). Indeed, were a defendant *required* to plead guilty to be entitled to the reduction, the sentencing guidelines would penalize the exercise of the constitutional right to go to trial. *See United States v. Johnson,* 956 F.2d 894, 904 (9th Cir.1992). And, contrary to the PSR writer's conclusion, "…the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous." *See* U.S.S.G. § 3E1.1 n.1(A).  As previously stated, ("Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction.")." *U.S. v. McKinney*, 15 F.3d 849, 852 (9th Cir. 1994).

In the instant case, Defendant should not be penalized from an acceptance of responsibility reduction simply because he exercised his right to a jury trial.  To be sure, Defendant demonstrated clear acceptance of responsibility through his candid participation in the presentence interview. At such interview, Mr. Howard stated to the probation department

that he agreed with the jury's findings of guilt. Defendant's decision not to contest the specific offense characteristic is also a strong indicator that his acceptance of responsibility is genuine. Accordingly, Defendant should receive a two-level reduction for his acceptance of responsibility.

### *Paragraph 9:  Possession of an Explosive Device:*

The PSR writer states in ¶9 that "An FBI Special Agent Bomb Technician and a Kingman Police Department Bomb Technician identified the casings with wicks to be a type of explosive device, called a"cricket"."  Mr. Howard does not dispute the discovery of the devices described in this paragraph, but he does dispute the use of the phrase "explosive device".  His objection is based upon the fact the items described in the subject paragraph do not satisfy the federal definition of an explosive device.  18 U.S.C. §232(5) defines an explosive device as: (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.  Simply put, the items described in ¶9 of the PSR do not meet this definition and therefore they cannot be classified as explosive devices.

### *Offense Level Calculations*

Based on the foregoing objections, Defendant's Total Offense Level should be no higher than 24 and if the Court is inclined to grant Mr. Howard an adjustment for acceptance of responsibility, that level drops to 22.  With a Total Offense Level of either 22 or 24, Criminal

History Category I, Defendant's advisory guideline range should be either 41-to 51- or 51-63-months imprisonment.

### III.     Sentencing Memorandum

***THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. §3553 SUPPORT A REASONABLE VARIANCE AND SENTENCE BELOW THE APPLICABLE GUIDELINE RANGE FOR A TOTAL OFFENSE LEVEL 24, CATEGORY I***

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the United States Sentencing Guidelines are advisory, not mandatory. In other words, the Guidelines are a required *consideration*, but district courts are permitted to tailor a particular sentence in light of other statutory concerns. *Id*. at 757. "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id*. at 767. *See also, United States v. Menyweather,* 447 F.3d 625 (9th Cir. 2006).

Ultimately, in arriving at a fair sentence, the Court is *required* to consider certain factors pursuant to 18 U.S.C. §3553(a), including but not limited to: the "nature and circumstances of the offense" *(18 U.S.C. §3553(a)(1))*; "the history and characteristics of the defendant" *(18 U.S.C. §3553(a)(1))*; the kinds of sentences available *(18 U.S.C. §3553(a)(3))*; the need to avoid unwarranted disparities between similarly situated defendants *(18 U.S.C. §3553(a)(6))*; applicable Guideline factors and policy statements *(18 U.S.C. §3553(a)(4) and (5))*; and the need to provide restitution to any of its victims *(18 U.S.C. §3553(a)(7))*.

While the Guidelines were designed to embody the §3553(a) considerations, judges in their discretion may differ on their approach as to how best reconcile "the disparate ends of

punishment." *Rita v. United States*, 551 U.S. 338, 127 S.Ct 2456, 2457-58 (2007)   Thus, the sentencing court is free to disagree with the Sentencing Guidelines, which should not be accorded greater weight than any of the other 18 U.S.C. § 3553(a) considerations.  *United States v. Zavala*, 443 F.3d 1165, 1170-1171 (9th Cir. 2006).  *See also*, *United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir. 2006) (a sentence must be reasonable in view of all the factors in Section 3553(a)).

In the instant case, Defendant Todd Howard requests a variance pursuant to 18 U.S.C. §3553, and reasonable sentence below the guideline range.  Given Defendant's history and the circumstances of this case, a sentence of 48 months imprisonment represents a reasonable sentence which will best support the statutory goals of sentencing.  To be sure, a sentence of 48 months is sufficiently punitive, will promote respect for the law, and provide adequate deterrence from future criminal conduct.

Todd Howard is 60 years old and is facing his second felony conviction.  At the time of this offense he was living with his common law wife, their children and his elderly mother. Mr. Howard testified at trial that his mother depends upon him for advice and emotional support. A letter of support is attached as Exhibit 1 to this pleading.

Mr. Howard has admitted to a substance abuse problem as documented in ¶52 of the PSR. He has an addiction to methamphetamine and used Xanax without a prescription. It is Mr. Howard's intent to make the most of the time he spends in prison by taking advantage of the Bureau of Prisons Residential Drug Abuse Treatment program if he is accepted into it.

Based on the 18 U.S.C. §3553 sentencing factors, this Court should impose a reasonable variance, which takes into consideration Defendant's lack of a violent criminal history, his family support, his character, and the particular circumstances of this case.  A sentence of 48

months constitutes a significant and reasonable penalty, which will promote respect for the law, allow adequate deterrence, and support future rehabilitation. Such sentence represents a fair punishment, which is reasonable under the circumstances. 48 months imprisonment is commensurate with the serious nature of Defendant's conviction and will best promote the statutory goals of sentencing.  Any sentence beyond 48 months is greater than necessary to promote the sentencing factors set forth in 18 U.S.C. §3553(a).

## IV.    CONCLUSION

Based on the foregoing, Defendant Todd Howard respectfully requests that this Court impose a reasonable sentence within the correct guideline range, with credit for his presentence incarceration.  A sentence of 48 months imprisonment most effectively reflects a fair and just punishment for Mr. Howard.

RESPECTFULLY SUBMITTED this 8th day of August, 2022.

**RODRIGUEZ LAW OFFICE PLLC**
By      s/ Diego Rodriguez
        Diego Rodriguez
        *Attorney for Defendant*

1

2

3

4

## CERTIFICATE OF SERVICE

5

6

I certify that on the 8th day of August, 2022, I electronically transmitted this document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

7

8

9

10

Joseph Edward Koehler
James Richard Knapp
Assistant U.S. Attorneys
U.S. Attorney's Office
2 Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, AZ 85004-4408

11

12

J. Baldys
U.S. Probation Officer

13

By      /s/ Diego Rodriguez
        Diego Rodriguez
        *Attorneys for Defendant*

14

15

16

17

18

19

20

21

22

23

24

25